UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**DAVID MORALES, JR.,**

      **Plaintiff,**

v.                                     **Case No:  6:18-cv-00194-Orl-28GJK**

**COMMISSIONER OF SOCIAL SECURITY,**

      **Defendant.**
_____/

**REPORT AND RECOMMENDATION**

David Morales, Jr. (the "Claimant"), appeals from a final decision of the Commissioner of Social Security (the "Commissioner"), denying his application for Supplemental Security Income benefits. Doc. No. 11; R. 1-6. Claimant alleges a disability onset date of November 28, 2015. R. 15, 39. Claimant argues that the decision should be reversed because of the following: a) the administrative law judge ("ALJ") failed to comply with the Appeals Council's mandate on remand; b) the ALJ applied the incorrect legal standard to Claimant's testimony regarding his pain and limitations; and c) the ALJ's findings in that regard are not supported by substantial evidence. Doc. No. 15 at 12, 13 and 18-20.  It is recommended that the ALJ's final decision be **REVERSED.**

**STANDARD OF REVIEW**

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g) (2010). Substantial evidence is more than a scintilla–i.e., the evidence must do more than merely create a suspicion of the existence of a fact and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th

1

Cir. 1982); *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). Where the Commissioner's decision is supported by substantial evidence, the District Court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The Court must view the evidence as a whole, considering evidence that is favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560. The District Court "'may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner].'" *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (quoting *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)).

## I.    ANALYSIS

Claimant makes the following three arguments: a) the ALJ failed to comply with the Appeals Council's mandate on remand; b) the ALJ failed to apply the correct legal standards to Claimant's testimony regarding his pain and limitations; and c) the ALJ's credibility determination of Claimant's testimony was not supported by substantial evidence. Doc. No. 19 at 13-14 and 18-21.

### A.    ALJ Compliance with the Appeals Council's Remand Order.

Claimant argues that the ALJ failed to comply with the mandate issued by the Appeals Council on remand. Doc. No. 15 at 12. The notice remanding the case to the ALJ provided, in pertinent part, that:

> The hearing decision indicates the claimant has the residual functional capacity for a limited range of sedentary exertional work. . . . The hearing decision also indicates that on March 23, 2016, the claimant was prescribed a cane. . . . However, the hearing decision does not address whether use of the cane is medically necessary and if so, what work related limitations result from its use. . . . Therefore, further evaluation of the claimant's residual functional capacity with consideration

2

>    of the claimant's use of a cane is warranted.
>
>    <u>Upon remand the Administrative Law Judge will</u>:
>
>    <u>Give further consideration to the claimant's maximum residual functional capacity</u> during the entire period at issue and provide rationale with specific references to evidence of record in support of assessed limitations. In so doing, evaluate the treating source opinion by Dr. Latham in Exhibit 13E . . . and explain the weight given to such opinion evidence.

R. 230-31. (Emphasis added.) Thus, the remand notice noted that the ALJ had found Claimant could perform a limited range of sedentary work, but due to the fact Claimant was prescribed a cane and the ALJ failed to address whether Claimant's use of a cane was medically necessary, and if so, any resulting work limitations, remand was made for further evaluation of Claimant's residual functional capacity ("RFC").

Whether a court complied with a mandate is an issue of law that is reviewed *de novo*. *Apone v. Comm'r*, 435 F. App'x 864, 865 (11th Cir. 2011).[1] "A court 'may not alter, amend, or examine the mandate, or give any further relief or review, but must enter an order in strict compliance with the mandate.'" *Id.* (quoting *Piambino v. Bailey*, 757 F.2d 1112, 1119 (11th Cir. 1985)). Here, the Appeals Council noted two areas that the ALJ should address. R. 230. First, whether Claimant's use of a cane was medically necessary, and if so, what work related limitations resulted from its use. R. 230. Second, the ALJ was to consider Dr. Latham's opinion regarding Claimant's ability to walk as the original decision failed to discuss or identify Dr. Latham's opinion. R. 230. The remand then directed that the ALJ should give further consideration to the Claimant's maximum RFC during the entire period at issue and provide rationale with specific references to evidence of record in support of assessed limitations. In so doing, the ALJ was

---

[1] In this circuit, "[u]npublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. R. 36-2.

3

directed to "evaluate the treating source opinion by Dr. Latham in Exhibit 13E . . . and explain the weight given to such opinion evidence." R. 230-31.

Although the parties spent considerable time summarizing and arguing what could and should be found based on the conflicting medical evidence it is clear that the ALJ did not specifically addressed the medical necessity of Claimant's use of a cane or whether his use of the cane would create work-related limitations.[2]  Instead, the ALJ found that "the restriction in the [C]laimant's ability to walk 200 feet without stopping to rest has no more than a minimal effect on his ability to perform sedentary work activity with the residual function capacity found herein." R. 26.  However, walking 200 feet without stopping does not address whether use of a cane is required and, if so, what limitations result.

While the ALJ referenced Claimant's use of a cane, the ALJ did not determine whether the cane was medically necessary or how its use might limit Claimant's sedentary work.  Thus, the Court finds that the ALJ failed to comply with the remand and that now requires remand.

> **B.    The ALJ's application of the correct legal standards to Claimant's testimony regarding his pain and limitations and sufficient credibility determination.**

Claimant argues that some of the reasons provided by the ALJ to discount Claimant's testimony were not based on the correct legal standard or supported by substantial evidence. Claimant argues that the ALJ improperly considered Claimant's earlier medical history,

---

[2] The Commissioner points to evidence of Claimant's ability to walk 200 feet without resting but that finding does not indicate whether it is with or without a cane. Doc. No. 15 at 15.  The Commissioner argues the disabled parking permit application does not contain a check in the box indicating a cane was required. Doc. No. 15 at 15; R. 490. However, the ALJ did not discuss this evidence and it cannot be properly considered as a post hoc reason to support a non-existent finding regarding medical necessity. R. 23-8.  *Watkins v. Comm'r of Soc. Sec.*, 457 F. App'x 868, 872 (11th Cir. 2012) ("We cannot affirm based on a post hoc rationale" that might support the ALJ's conclusion); *Baker v. Comm'r of Soc. Sec.*, 384 F. App'x 893, 896 (11th Cir. 2010) (citing *FPC v. Texaco, Inc.*, 417 U.S. 380, 397 (1974)).

Claimant's weight gain, Claimant's stated intention to return to school, and Claimant's representation that he had been busy with other appointments suggesting he was more active than he alleged.  Doc. No. 15 at 20-21. Claimant argues that while the ALJ properly relied on other evidence, it is impossible to know what weight was afforded the impermissible considerations and this matter must be remanded on that basis.  Doc. No. 15 at 20.

The Commissioner argues that the ALJ's decision was supported by substantial evidence. Doc. No. 15 at 22.  The Commissioner points to the objective medical evidence which reflected Claimant had more mobility than he claimed and that Claimant had failed to consistently seek treatment for his constant pain.  Doc. No. 15 at 23.  The Commissioner also argues that the ALJ properly considered Claimant's daily activities in evaluating Claimant's subjective complaints. Doc. No. 15 at 23.

In the Eleventh Circuit, subjective complaints of pain are governed by a three-part "pain standard" that applies when a claimant attempts to establish disability through subjective symptoms. By this standard, there must be: 1) evidence of an underlying medical condition, and either 2) objective medical evidence that confirms the severity of the alleged symptom arising from the condition, or 3) evidence that the objectively determined medical condition is of such severity that it can reasonably be expected to give rise to the alleged pain. *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991) (citing *Landry v. Heckler*, 782 F.2d 1551, 1553 (11th Cir. 1986)). "20 C.F.R. § 404.1529 provides that once such an impairment is established, all evidence about the intensity, persistence, and functionally limiting effects of pain or other symptoms must be considered in addition to the medical signs and laboratory findings in deciding the issue of disability." *Foote*, 67 F.3d at 1561; 20 C.F.R. § 404.1529.

The ALJ *must* consider "all of the record, including the objective medical evidence, the

claimant's history, and the statements of claimant and her doctors." *Costigan v. Comm'r*, 603 F. App'x 783, 786 (11th Cir. 2015) (citing 20 C.F.R. § 404.1529(c)(1)-(2)). The ALJ *may* consider other factors such as:

> (1) the claimant's daily activities; (2) the location, duration, frequency, and intensity of the claimant's pain or other symptoms; (3) any precipitating or aggravating factors; (4) the type, dosage, effectiveness, and side effects of the claimant's medication; (5) any treatment other than medication; (6) any measures the claimant used to relieve her pain or symptoms; and (7) other factors concerning the claimant's functional limitations and restrictions due to her pain or symptoms.

*Costigan*, 603 F. App'x at 787. The ALJ must then consider whether there are any inconsistencies or conflicts between the Claimant's statements and the record evidence. *Id.*

A claimant's subjective testimony supported by medical evidence that satisfies the standard is itself sufficient to support a finding of disability. *Foote*, 67 F.3d 1553, 1561 (11th Cir. 1995). "If the ALJ decides not to credit a claimant's testimony as to her pain, he must articulate explicit and adequate reasons for doing so." *Id.* at 1561-62; *see also* SSR 96-7p, 1996 WL 374186, at *2. The ALJ cannot "reject [the claimant's] statements about the intensity and persistence of [the] pain or other symptoms or about the effect [the] symptoms have on [the claimant's] ability to work solely because the available objective medical evidence does not substantiate [the claimant's] statements." 20 C.F.R. § 404.1529(c)(2); *see also* SSR 96-7p, 1996 WL 374186, at *1. However, a reviewing court will not disturb a clearly articulated credibility finding with substantial supporting evidence in the record. *Foote*, 67 F.3d at 1562.

The ALJ found that Claimant had a history of physical problems throughout his military service beginning in 2009 but that he stayed on active duty, working until his discharge in 2015, doing office work. R. 25. The ALJ also found that Claimant had failed to seek consistent treatment for his flat feet since surgical intervention and had not engaged in physical therapy. R. 25. While

he reported he had to rely on a cane, walker, or wheelchair, objective medical evidence indicated that during that same time he had unaided ambulation, no atrophy, was able to walk on his heels and toes and had 5/5 strength throughout. R. 25. The ALJ also found while Claimant sought consistent treatment for hypertension and diabetes, there were reports he was non-compliant with his diet and medication. R. 25. The ALJ also found that despite Claimant's claim that his pain limited any work activity he had gained weight. R. 25.

The ALJ found that comments Claimant made to third parties reflected he was more active than he reported. R. 25. The ALJ cited Claimant's report to his case manager that he was too busy to return phone calls in February 2016 and his comment that he had been busy dealing with other appointments. R. 25. The ALJ noted that Claimant only had one medical appointment during the relevant time frame related to that report. R. 25. Claimant himself notes in his argument that the appointments he was busy with were not his own but likely his father's. Doc. No. 15 at 20. The ALJ noted Claimant's professed intention to return to school rather than look for work when he was discharged from the military in 2015. R. 26. Finally, the ALJ found the record indicates Claimant self-reported to Dr. Latham that he was able to walk for up to an hour and stand for one hour. R. 27.

The ALJ applied the correct legal standard and properly considered the entire record, Claimant's history, Claimant's statements, objective medical evidence, and his doctors' statements. R. 23. The ALJ acknowledged the underlying medical conditions Claimant suffered could cause pain, the ALJ simply found that the extent of the pain and its effect on Claimant's ability to work was not credibly supported by Claimant based on the objective medical evidence and Claimant's own statements. The ALJ noted conflicts and inconsistencies between Claimant's statements and the record evidence.

Upon review of the ALJ's findings, the ALJ's only unpersuasive reason to discredit Claimant is that Claimant had gained weight despite reports of debilitating pain. R. 25. The ALJ provides nothing to support this conclusion, and it is therefore unclear how the ALJ made this determination or why such a determination is relevant where Claimant's position is that he is mostly sedentary, and evidence suggests he was non-compliant with his diet.

However, despite the ALJ's reliance on Claimant's weight gain as a reason to discredit his pain testimony, the ALJ articulated other reasons supported by substantial evidence to discredit Claimant's testimony including medical evidence he was able to ambulate unaided, that he retained strength and muscle tone in his feet, that he could stand for one hour and walk for one hour, medical reports of discomfort and no acute inflammation, and his failure to seek therapy or treatment for his flat feet or plantar fasciitis beyond orthotics. Thus, the credibility determination is upheld. *See Pouyadou v. Colvin*, No. CIV.A. 13-00171-N, 2013 WL 5934495, at *7 (S.D. Ala. Nov. 5, 2013) (finding that, although some of the ALJ's reasons for discrediting the claimant's credibility were not sufficient, "the multiple proper reasons for discounting Pouyadou's credibility, all of which are supported by substantial evidence, necessitate a finding of no error.").

## II.   CONCLUSION.

For the reasons stated above, it is **RECOMMENDED** that:

1. The final decision of the Commissioner be **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g); and
2. The Clerk be directed to enter judgment for Claimant and close the case.

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written

objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

**DONE AND ORDERED** in Orlando, Florida, on October 9, 2018.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Richard A. Culbertson, Esq.
3200 Corrine Drive
Orlando, FL 32803

Maria Chapa Lopez
United States Attorney
John F. Rudy, III
Assistant United States Attorney
400 N. Tampa St.
Suite 3200
Tampa, FL 33602


Christopher Harris, Acting Regional Chief Counsel, Atlanta
John C. Stoner, Deputy Regional Chief Counsel
Brian Seinberg, Branch Chief
Nicola Pasquarelli, Assistant Regional Counsel
Social Security Administration
Office of the General Counsel, Region IV
Atlanta Federal Center
61 Forsyth Street, S.W., Suite 20T45
Atlanta, Georgia 30303

The Honorable Kevin Detherage
U.S. Administrative Law Judge
c/o Office of Disability Adjudication and Review
SSA ODAR Hearing Ofc
3505 Lake Lynda Drive
Suite 300
Orlando, FL 32817-9801